UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JULIE ARDOIN                                CIVIL ACTION

VERSUS                                      NO. 06-7624

ALLSTATE INSURANCE COMPANY                  SECTION "R"(5)

### ORDER AND REASONS

Plaintiff moves to remand this matter.  For the following reasons, the Court GRANTS the plaintiff's motion.

I.  **BACKGROUND**

Plaintiff in this case is a Louisiana property owner who suffered damage to her property during Hurricane Katrina and who has sued her homeowner's and flood insurance carrier, Allstate Insurance Company.  Defendant lacks citizenship or a principal place of business in Louisiana.  The parties are thus diverse. Plaintiff filed her action in Louisiana state court, and defendant removed it to this Court.  Plaintiff now seeks to remand this matter to state court.  Defendant opposes the motion and asserts that federal jurisdiction is proper under diversity

jurisdiction pursuant to 28 U.S.C. § 1332.  The parties disagree as to whether the amount in controversy is satisfied under the requirements of section 1332.  *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).

## II.   LEGAL STANDARDS

### A.   Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

### B.   Amount in Controversy

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.  *See Allen*, 63 F.3d at 1335.  When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."  *Id.*  (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.  *Allen*, 63 F.3d at 1335.  "Thus, in the typical diversity case, the plaintiff is the master of his complaint."  *Id*.

Here, however, plaintiffs filed their complaints in Louisiana state courts, and Louisiana law does not permit them to plead a specific amount of money damages.  When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting

forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1412. Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal. *Allen*, 63 F.3d at 1336.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. In *De Aguilar*, the Fifth Circuit stated that absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." 47 F. 3d at 1412 (*quoting In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (emphasis added). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations." *Id*. at 1412 n.10. Because Louisiana plaintiffs are not limited

4

to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him.  La. Code Civ. Proc. art. 862; *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 *3 (E.D. La. 2003).  For example, in *Engstrom v. L-3 Communications Gov't Svcs., Inc.*, 2004 WL 2984329 (E.D. La. 2004), the plaintiff's state court complaint stated that "[each plaintiff] affirmatively and knowingly waives entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interests and costs, in excess of $74,999."  The court found that this waiver constituted a binding stipulation, or "judicial confession" under Louisiana law, and it held that this stipulation was sufficient to establish that plaintiffs could not recover more than the jurisdictional amount as a matter of law.  *Id*. at *5.  The plaintiff here did not file a similar stipulation with her complaint.

Post-removal affidavits or stipulations may be considered only in limited circumstances.  If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion*

*Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) ([w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper).  When, on the other hand, the amount in controversy is clear from the face of the complaint, post-removal stipulations purporting to reduce the amount of damages plaintiffs seek cannot deprive the Court of jurisdiction. *Gebbia*, 233 F.3d at 883.  Finally, the Court notes that Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy.  *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002).

**III. ANALYSIS**

Plaintiff Julie Ardoin sued her insurer for breach of contract after it allegedly failed to pay the amount to which plaintiff was entitled under her homeowner's and flood policies. In her original state court petition, which was filed on August 25, 2006, plaintiff avers that her damages "exceed the policy limits contained in the contract of insurance" and that the buildings and contents covered by her policies were "severely

damaged" by Katrina.  (R. Doc. 1-2, at 7-8).  Moreover, in her petition, plaintiff seeks attorney's fees and penalties under La. Rev. Stat. §§ 22:1220 and 22:658.  On September 5, 2006, plaintiff filed a supplemental and amending petition for damages in state court.  (R. Doc. 3-3).  In this filing, plaintiff avers that she suffered $7,210 in damages to her garage and vehicle and $28,814.62 in damages to her condominium as a result of Katrina. Of the $28,814.62, she states that $13,719.08 already has been paid by her condominium association, thus her condominium claim is for $15,095.54.  Plaintiff also re-asserts her bad faith claim against Allstate.  In sum, she avers that her damages total less than $50,000.  On October 10, 2006, defendant removed this action to federal court, arguing that the amount in controversy clearly exceeds the sum of $75,000.

    The Court finds that it does not have jurisdiction over this matter.  Because plaintiff filed her amended petition for damages before Allstate removed this action to federal court, defendant's reliance on the allegations in the original petition to establish that the actual amount in controversy exceeds $75,000 is in error.  Whatever ambiguity as to the amount of plaintiff's claims that may have existed in her original petition was undoubtedly clarified in her amended petition.  Plaintiff avers that her garage, vehicle, and condominium claims total $22,305.54.  Even

if the Court factored in the full value of plaintiff's condominium damages in calculating the actual amount in controversy, her property claims would total, at most, $36,024.62.  As defendant provided no opposition to the damage amounts alleged in plaintiff's amended petition, the Court accepts plaintiff's summary-judgment-type evidence as true for purposes of this motion to remand.

Plaintiff also seeks attorney's fees and penalties under La. Rev. Stat. §§ 22:1220 and 22:658, but even if plaintiff were able to recover to the extent that these statues allow, her total award would still be less than the jurisdictional amount of $75,000.  Specifically, under section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious.  La. Rev. Stat. § 22:1220.  However, a plaintiff must show proof of actual damages arising from the breach to recover any more than $5,000.  *See Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th Cir. 1995).  Plaintiff here does not allege in her petition an amount or type of damages, if any, that she sustained from Allstate's breach.  Furthermore, Allstate provides no summary-judgment-type evidence to show that plaintiff could

recover more than $5,000 for damages arising from its alleged breach of contract.  Under Section 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss.  La. Rev. Stat. § 22:658 (emphasis added).  Thus, plaintiff would be entitled to, at most, about $9,000 under Section 22:658, which would not be enough to push plaintiff's claims over $75,000.  As a result, defendants cannot show that it is facially apparent that plaintiff's claims exceed the jurisdictional amount.

**IV.   ATTORNEY'S FEES**

Plaintiff also moves under 28 U.S.C. § 1447(c) for an award of attorney's fees and costs for defendants' improper removal. The decision whether to award attorney's fees and/or costs is discretionary.  *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S.

132, 126 S.Ct. 704, 711 (2005) (citing *Hornbuckle*, 385 F.3d at 541; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). Because the Court does not find the removal in this case objectively unreasonable, the Court exercises its discretion not to grant plaintiff's request for attorney's fees and costs.

**V.   CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand to state court.

New Orleans, Louisiana, this  9th  day of January, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT